Pfeifer, J.,
dissenting.
{¶ 58} It is correct, in response to the direct question we have been asked to answer, to state that Ohio does not have an established legal process for a capital defendant to challenge the precise method and drug protocol that will be used by the state to execute that defendant. We are, however, bound by Section 9, Article I of the Ohio Constitution to ensure that cruel and unusual punishment is not inflicted. As a society, our comprehension of the meaning of those words has evolved. The understanding of the state officials responsible for carrying out the mandate of death has been, and continues to be, re-examined with respect to the exact drugs, procedures, and personnel needed to comply with statutory and constitutional mandates.
{¶ 59} It is not our duty to lay out a roadmap for protracted challenges to Ohio’s execution protocol by every capital defendant. Section 2, Article IV of the Ohio Constitution, however, grants jurisdiction to this court over the five great writs, Section 2(B)(1)(a) through (e), and “[i]n any cause on review as may be necessary to its complete determination.” Section 2(B)(1)(f). I would deem Article IV to provide an avenue for a capital defendant to challenge an execution protocol. Is that a satisfactory remedy? That is the question we return to the federal courts.